Lancer & Loader Group, LLC v American Tack & Hardward Co., Inc. (2020 NY Slip Op 05684)





Lancer & Loader Group, LLC v American Tack & Hardward Co., Inc.


2020 NY Slip Op 05684


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 651594/2017 Appeal No. 12043-12044 Case No. 2019-3345(2) 

[*1]Lancer & Loader Group, LLC, Plaintiff-Respondent,
v
American Tack & Hardward Co., Inc., Defendant-Appellant.


Rogahn Jones LLC, Waukesha, WI (Rod W. Rogahn of the bar of the State of Wisconsin, admitted pro hac vice of counsel), for appellant.
Troutman Pepper Hamilton Sanders LLP, New York (Stephen G. Rinehart of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 12, 2019, in favor of plaintiff, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered April 12, 2019, and July 12, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Under the plain terms of the two agreements at issue, liability for breach of the personal consulting contract executed by plaintiff's principal in his personal capacity could not be imposed on plaintiff (see W.W.W. Assoc. Inc. v Giancontieri , 77 NY2d 157, 162-63 [1990]). Plaintiff agreed to be liable only for agreements to which it was a party, and it was not a party to the consulting contract.
Defendant's argument that CPLR 3018 and 601 required the court to allow its set-off claim is misplaced. The basis for the set-off was a claim against the individual, and was therefore not available as a set-off against plaintiff company.
Defendant seeks reversal of this Court's prior determination that enforcement of the judgment should be stayed, without a bond, pending the outcome of its lawsuit against plaintiff's principal in New Jersey. However, that action will not affect the instant judgment, and therefore our prior ruling denying the stay stands. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020